UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LORI ANN WILEY, and CHARLES WALLACE HANSON IV.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**KERN HIGH SCHOOL DISTRICT, et al.,**<br><br>**Defendants** | CASE NO. 1:22-CV-0881 AWI CDB<br><br>**ORDER ON MOTIONS TO DISMISS AND MOTION TO REMAND**<br><br>(Doc. Nos. 6, 7, 9, 15) |

    This case was removed by Defendant Kern County ("the County") from the Kern County Superior Court on July 15, 2022, on the basis of federal question jurisdiction.  Currently before the Court is Defendant Kern High School District ("KHSD")'s[1] motion to dismiss and motion to remand and the County's motion to remand.  For the reasons that follow, the motion to remand will be granted and the motions to dismiss will be denied without prejudice.

**RELEVANT BACKGROUND**

    Plaintiffs filed their complaint in the Kern County Superior Court on June 1, 2022.  See Doc. Nos. 1-1.  The Complaint contains twelve causes of action that stem from a verbal altercation between Plaintiffs and KHSD staff, which culminated in the arrest of Plaintiffs by KHSD law enforcement officers pursuant to an arrest warrant.  See id.  State law claims and claims under 42 U.S.C. § 1983 are alleged.  See id.

---

[1] There are a number of KHSD employees/personnel who are named as Defendants.  KHSD and its employees are represented by the same counsel.  For purposes of this motion, a reference to "KHSD" includes both the Kern High School District and all of its employees who are named Defendants.

1    The County was served with the Complaint on June 16, 2022.

2    On July 5, 2022, Plaintiffs filed a First Amended Complaint.  The amended complaint
3 continues to allege state and federal causes action.

4    On July 15, 2022, the County removed the matter to this Court on the basis of federal
5 question jurisdiction.  See Doc. No. 1.  The notice of removal states that no other defendant had
6 been properly joined and served and, as a result, no consents to removal were needed.  See id.

7    On July, 21, 2022, the County filed a Rule 12(b)(6) motion to dismiss.  See Doc. No. 6.

8    On July 27, 2022, KHSD filed a Rule 12(b)(6) motion to dismiss.  See Doc. No. 7.
9 However, because the July 27 motion was filed without a signature, KHSD refiled a signed Rule
10 12(b)(6) motion to dismiss on July 28, 2022.  See Doc. Nos. 8, 9.  With respect to the federal
11 claims, KHSD argues that Eleventh Amendment immunity and qualified immunity apply.  See
12 Doc. No. 9.  Additionally, the notice of motion in relevant part states:  "Due to the removal of this
13 action *without these defendants' consents or prior knowledge*, and the timelines imposed by the
14 Federal Rules of Civil Procedure, Defendants were unable to timely meet and confer with the
15 plaintiff[s] . . . ."  Id. at 2:27-3:2.  KHSD's motion also includes the declaration of its counsel.  See
16 id. at 14.  In the declaration, KHSD's counsel explains that Plaintiffs served KHSD with the
17 complaint on June 16, 2022, and served KHSD with the first amended complaint on July 6, 2022,
18 but KHSD has not responded to the amended complaint.  See id. at 14:11-16.  KHSD's counsel
19 states that the County removed the case without the knowledge or consent of KHSD.  See id. at
20 14:17-19.

21    On July 29, 2022, the County filed an acknowledgment of defective removal in which it
22 acknowledged that Plaintiffs did not have to file a notice of service of process and that removal
23 was defective for failure to obtain the consent of properly served and joined defendants.  See Doc.
24 No. 10.

25    On August 4 and August 9, Plaintiffs filed their opposition to the motions to dismiss.  See
26 Doc. Nos. 12, 13.  Also on August 9, Plaintiffs filed objections to the notice of removal.  See Doc.
27 No. 14.  The notice states that Plaintiffs object to KHSD's joinder or acquiescence in the defective
28 removal.  See id.

On August 12, 2022, KHSD filed its motion to remand.  <u>See</u> Doc. No. 15.  Also on August 12, 2022, the County filed a statement of non-opposition to the motion to remand.  <u>See</u> Doc. No. 16.

On August 15, 2022, Plaintiffs filed an opposition to the motion remand and a request for attorneys' fees and costs.  <u>See</u> Doc. No. 19.

On August 24, 2022, KHSD filed their reply.

The Court subsequently took all pending motions under submission without oral argument.  <u>See</u> Doc. Nos. 21, 23.

## I.  **<u>MOTION TO REMAND</u>**

*<u>Defendants' Argument</u>*

KHSD argues that all properly joined and served defendants must join in a removal petition.  Because the County did not obtain KHSD's consent even though KHSD had been properly joined and served before July 15, the notice of removal is defective and remand is appropriate.  Additionally, KHSD argues that it did not waive its right to move to remand by filing its motion to dismiss.  KHSD argues that it had a tight deadline to answer the complaint, the motion to remand was still made within 30 days of the removal, the notice of motion states that Defendants did not consent to removal, and Defendants are raising the defense of Eleventh Amendment immunity which further demonstrates a lack of consent.

*<u>Plaintiff's Opposition</u>*

Plaintiffs argue that all parties agree that this case was improvidently removed, even though the Court otherwise would have subject matter jurisdiction.  However, by waiting until two Rule 12(b)(6) motion to dismiss had been filed before filing the motion to remand, KHSD waived their right to request remand.  Moreover, by waiting to file the remand motion after the two Rule 12(b)(6) motions had been filed, KHSD unfairly got a foreshadowing of the problems they might face by remaining in federal court.  The timing of the motion to remand was tactically unfair and unduly burdensome, which supports an award of fees in the amount $8,135.10.  However, if remand is ordered, then statutory attorneys' fees in the amount of $33,596.10 should be awarded.

*Legal Standard*

Removal statutes are strictly construed against removal, and any doubt as to the propriety of removal is resolved against removability. Luther v. Countrywide Home Loans, 533 F.3d 1031, 1034 (9th Cir. 2008). 28 U.S.C. § 1446 establishes the procedures to be followed by a defendant in removing a case from state court to federal court. Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1018 (9th Cir. 2007). In pertinent part § 1446 states: "all defendants who have been properly joined and served in the action must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); see Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Only defendants who have been properly served must join in or consent to the removal. Destfino, 630 F.3d at 956; Emrich, 846 F.2d at 1193 n.1. Defendants who have been improperly served, see Destfino, 630 F.3d at 956-57, or who have not been served, Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), or who are "nominal, unknown or fraudulently joined" defendants, Emrich, 846 F.2d at 1193 n.1, are not required to join in or consent to removal. A violation of the defendant unanimity rule, i.e. the failure to obtain the joinder or consent of all properly served defendants, is a procedural defect. See Destfino, 630 F.3d at 956-57; Atlantic Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 938 (9th Cir. 2010). Further, the failure of a defendant to affirmatively explain the absence of a co-defendant in the notice of removal is a procedural defect. Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1266 (9th Cir. 1999). An aggrieved party is responsible for bringing procedural defects in the removal to the attention of the district court through a timely motion to remand. See Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016). Once a party raises a procedural defect in the removal, it is the removing defendant's burden to show compliance with the pertinent procedural requirement. See Gomez v. Global Video Games, 2016 U.S. Dist. LEXIS 98305, *2 (C.D. Cal. July 26, 2016); Bea v. Encompass Ins. Co., 2013 U.S. Dist. LEXIS 58251, *5 (N.D. Cal. Apr. 23, 2013); Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

Additionally, under 28 U.S.C. § 1447(c), the Court may require payment of attorneys' fees and costs incurred as a result of an improper removal. "Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); Chan Healthcare Group, PS v. Liberty Mut. Fire Ins. Co., 844 F.3d 1133, 1141 (9th Cir. 2017). "[R]emoval is not objectively unreasonable because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

*Discussion*

1. Procedural Defect

The parties do not dispute that KHSD was a properly served and joined defendant for purposes of § 1446 at the time of removal. There is also no dispute that the KHSD did not join the notice of removal or consent to the removal when the matter was removed to this Court, or that KHSD's motion to remand is timely. Thus, the parties agree that there was violation of the procedural rule of unanimity and that the issue has been timely raised. What is at issue is whether KHSD has somehow consented or waived the ability to seek remand.

Neither side has cited the Court to any decision by the Ninth Circuit that has found that a party has waived the right to challenge a procedural defect in the removal process by first filing a motion to dismiss. The Eighth Circuit has held that the unanimity requirement was satisfied after a non-consenting defendant filed a motion to dismiss that was supported by a brief that expressed that removal was appropriate. See Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 933 (8th Cir. 2012). However, the Eighth Circuit limited *Christiansen* to its facts and declined to decide whether a motion to dismiss that was silent on the issue of removal would satisfy the unanimity rule. See id. The Court recognizes that *Christiansen* is not directly on point and raises a slightly different question. Nevertheless, *Christiansen* indicates that there should be some form of affirmative conduct or representation within a motion to dismiss in order to satisfy the rule unanimity by finding consent.

In this case, there is not an affirmation of the removal process, nor is there even ambiguous silence. Instead, there is a motion to dismiss that states removal was accomplished without the consent of KHSD. KHSD's motion does not state that it now consents or that it is intending to

5

ignore or waive its lack of consent. It is unknown why KHSD's motion (and supporting declaration) would state that removal was accomplished without consent if KHSD did not intend to somehow raise or re-raise the consent issue at a later time. After all, KHSD's consent or lack thereof has absolutely no bearing on whether the first amended complaint should be dismissed under Rule 12(b)(6) for failure to state a plausible claim. Given KHSD's express statement that removal was accomplished without its consent, as well as its admittedly timely motion to remand, the Court cannot view KHSD's motion to dismiss as either a consent to the removal process or a waiver of the rule of unanimity procedural defect. Cf. id.; Luther, 533 F.3d at 1034 (doubts as to removal are resolved against removal).

Because the County's notice of removal violated the rule of unanimity, and that defect has not been cured, the Court will remand this case. See 28 U.S.C. § 1447(c); Atlantic Nat'l, 621 F.3d at 940.

### 2. Pending Rule 12(b) Motions

Because the Kern County Superior Court now will be handling this case, and because the Court is required to remand this matter due to a defective removal, the Court will not address the substance of Defendants' Rule 12(b) motions. Instead, for the sake of its own docket and in the interests of comity, the Court will deny the Rule 12(b) motions without prejudice to refiling in state court.

### 3. Sanctions

In light of the remand, Plaintiffs are requesting approximately $34,000 in fees in costs because they had to oppose two motions to dismiss and this motion to remand. Based on the arguments raised by Plaintiffs, the Court will not impose fees.

First, the Court has rejected Plaintiffs' arguments and found that removal is appropriate. Second, the Rule 12(b) motions are fully briefed, but they remain undecided. Nothing suggests that the issues raised in the briefing are no longer relevant or will no longer be pursued by the Defendants. The Court is unaware of any obstacle that would prevent Defendants from rebranding their Rule 12(b) motions to demurrers before the Kern County Superior Court. It does not appear that the issues raised by Defendants will be going away, and it is unclear how briefing the matters

prior to remand prejudiced Plaintiffs or somehow gave Defendants an unfair advantage. The first amended complaint either pleads viable causes of action in light of its allegations contained or the defenses pursued, or it does not. The result of the motion practice in the Superior Court should not materially change simply because briefing was completed in this Court.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to remand (Doc. No. 15) is GRANTED pursuant to 28 U.S.C. § 1447(c);
2. This case is REMANDED forthwith to the Kern County Superior Court; and
3. Defendants' respective motions to dismiss (Doc. Nos. 6, 7, and 9) are DENIED without prejudice to re-filing in the Kern County Superior Court.

IT IS SO ORDERED.

Dated:  October 11, 2022                          _____
                                                                      SENIOR DISTRICT JUDGE